UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. **17-20748-CR-MARTINEZ/OTAZO-REYES**

18 U.S.C. § 1343
18 U.S.C. § 1956(a)(1)(B)(i)
18 U.S.C. § 981(a)(1)(C)
18 U.S.C. § 982(a)(2)

UNITED STATES OF AMERICA

v.

DESTINY ASJEE ROWLAND,

    Defendant.
_____/

## INDICTMENT

The Grand Jury charges that:

### GENERAL ALLEGATIONS

At all times material to this Indictment:

#### The Defendant and Other Entities

1. **DESTINY ASJEE ROWLAND** was a resident of Sunrise, Florida.

2. Asjee Luxury Inc. ("Asjee Luxury") was incorporated by **DESTINY ASJEE ROWLAND** on or about July 5, 2017, and purported to do business as a "furniture merchant wholesaler" at 3688 NW 83rd Lane in Sunrise, Florida.

3. Company 1 was a corporation located in Eau Claire, Wisconsin that regularly did business with Company 2, a lumber company based in Illinois.

4. Company 3 was a corporation located in Roseville, California that was acting as the escrow holder on the sale of a property owned by people with the initials "K.W." and "T.W."

5. Hereinafter, "Victim Companies" refers to Company 1, Company 2 and Company 3, collectively.

## COUNTS 1-3
## Wire Fraud
## (18 U.S.C. § 1343)

1. Paragraphs 1 through 5 of the General Allegations section of this Indictment are realleged and incorporated by reference as though fully set forth herein.

2. Beginning as early as on or about July 5, 2017, and continuing through in or around August 2017, in Miami-Dade County, in the Southern District of Florida, and elsewhere, the defendant,

**DESTINY ASJEE ROWLAND,**

did knowingly, and with the intent to defraud, devise, and intend to devise, a scheme and artifice to defraud, and to obtain money and property by means of materially false and fraudulent pretenses, representations, and promises, knowing that the pretenses, representations, and promises were false and fraudulent when made, and, for the purpose of executing the scheme and artifice, did knowingly transmit and cause to be transmitted, by means of wire communication in interstate commerce, certain writings, signs, signals, pictures and sounds.

## PURPOSE OF THE SCHEME AND ARTIFICE

3. It was the purpose of the scheme and artifice for **DESTINY ASJEE ROWLAND** and her accomplices to unlawfully enrich themselves by, among other things: (a) sending false and fraudulent payment request emails, via interstate wire, to the Victim Companies, in which they falsely and fraudulently claimed to be other persons owed money by the Victim Companies; (b) using such emails to trick the Victim Companies into making payments, via interstate wire, to bank accounts belonging to Asjee Luxury; and (c) diverting the proceeds of the fraud for their own use and benefit, and for the use and benefit of others.

## SCHEME AND ARTIFICE

The manner and means by which **DESTINY ASJEE ROWLAND** and her accomplices sought to accomplish the purpose and object of the scheme and artifice included, among other things, the following:

4. **DESTINY ASJEE ROWLAND** opened business accounts for Asjee Luxury at TD Bank and SunTrust Bank.

5. **DESTINY ASJEE ROWLAND** and her accomplices utilized other peoples' names and email addresses, without their permission or lawful authority, to induce and attempt to induce the Victim Companies to make payments, via interstate wire, to bank accounts belonging to Asjee Luxury.

6. **DESTINY ASJEE ROWLAND** and her accomplices sent emails in which they falsely and fraudulently claimed to be K.W. While posing as K.W., **ROWLAND** and her accomplices sent communications to Company 3 in which they falsely and fraudulently represented that the wire instructions for the monies being held in escrow by Company 3 had been revised to require that payment for a property sale be wired to a bank account held by Asjee Luxury.

7. **DESTINY ASJEE ROWLAND** and her accomplices sent emails in which they falsely and fraudulently claimed to be an employee of Company 2. While posing as an employee of Company 2, **ROWLAND** and her accomplices falsely and fraudulently represented to Company 1 that, because Company 2 was undergoing an "urgent audit," payments owed by Company 1 to the real Company 2 would have to be wired to an account held by Asjee Luxury as soon as possible.

8. As a result of such false and fraudulent representations, **DESTINY ASJEE ROWLAND** and her accomplices caused Victim Companies to make payments, via interstate wire, to bank accounts belonging to Asjee Luxury, totaling more than approximately $1.6 million (USD).

9. **DESTINY ASJEE ROWLAND** and her accomplices diverted and attempted to divert the fraud proceeds for their personal use and benefit, and for the use and benefit of others.

## USE OF WIRES

10. On or about the dates specified below, in Miami-Dade County, in the Southern District of Florida, and elsewhere, **DESTINY ASJEE ROWLAND**, for the purpose of executing and in furtherance of the aforesaid scheme and artifice to defraud, and to obtain money and property by means of materially false and fraudulent pretenses, representations, and promises, knowing that the pretenses, representations, and promises were false and fraudulent when made, did knowingly transmit and cause to be transmitted in interstate commerce, by means of wire communication, certain writings, signs, signals, pictures, and sounds, as specified below:

| Count | Approximate Date | Description of Wire |
|---|---|---|
| 1 | July 27, 2017 | Email from J.M. at Company 2 sent using an IP address in Nigeria, received by Company 1, in the United States of America |
| 2 | July 28, 2017 | Transfer of approximately $1,651,699 from Bank of America account ending in 9698 in Wisconsin to TD Bank account ending in 5379 in Florida |
| 3 | July 31, 2017 | Transfer of approximately $451,759 from City National Bank account ending in 8076 in California to SunTrust Bank account ending in 4712 in Florida |

In violation of Title 18, United States Code, Sections 1343 and 2.

## COUNT 4
**Money Laundering**
**(18 U.S.C. § 1956(a)(1)(B)(i))**

On or about July 31, 2017, in Miami-Dade County, in the Southern District of Florida, and elsewhere, the defendant,

**DESTINY ASJEE ROWLAND,**

4

did knowingly conduct and attempt to conduct a financial transaction affecting interstate commerce, that is, the withdrawal of approximately $8,000 from TD Bank account ending in 5379, which financial transaction involved the proceeds of specified unlawful activity, knowing that the property involved in the financial transaction represented the proceeds of some form of unlawful activity, and knowing that the transaction was designed, in whole and in part, to conceal and disguise the nature, location, source, ownership, and control of the proceeds of specified unlawful activity.

It is further alleged that the specified unlawful activity is wire fraud, in violation of Title 18, United States Code, Section 1343.

In violation of Title 18, United States Code, Sections 1956(a)(1)(B)(i) and 2.

## FORFEITURE ALLEGATIONS

1. The allegations contained in this Indictment are re-alleged and incorporated by reference as though fully set forth herein for the purpose of alleging criminal forfeiture to the United States of America of certain property in which the defendant, **DESTINY ASJEE ROWLAND**, has an interest.

2. Upon conviction of a violation of Title 18, United States Code, Section 1343, as alleged in this Indictment, the defendant shall forfeit to the United States of America, pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c), any property, real or personal, which constitutes or is derived from proceeds traceable to such violation, including, but not limited to, $1,643,674.22 seized from TD Bank account ending in 5379.

3. Upon conviction of a violation of Title 18, United States Code, Section 1956(a), as alleged in this Indictment, the defendant so convicted shall forfeit to the United States of America, pursuant to Title 18, United States Code, Section 982(a)(1), any property, real or personal, involved in such offense, and any property traceable to such property.

4. If any of the property described above, as a result of any act or omission of the defendant:

    a. cannot be located upon the exercise of due diligence;

    b. has been transferred or sold to, or deposited with, a third party;

    c. has been placed beyond the jurisdiction of the court;

    d. has been substantially diminished in value; or

    e. has been commingled with other property which cannot be divided without difficulty,

the United States of America shall be entitled to forfeiture of substitute property pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 18, United States Code, Section 982(b)(1) and Title 28, United States Code, Section 2461(c).

All pursuant to Title 18, United States Code, Section 981(a)(1)(C), as incorporated by Title 28, United States Code, Section 2461(c), and Title 18, United States Code, Section 982(a)(1), and the procedures set forth at Title 21, United States Code, Section 853, as made applicable by Title 28, United States Code, Section 2461(c).

A TRUE BILL.

_____
FOREPERSON

_____
BENJAMIN G. GREENBERG
ACTING UNITED STATES ATTORNEY

_____
LISA H. MILLER
ASSISTANT UNITED STATES ATTORNEY

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

UNITED STATES OF AMERICA                    CASE NO. _____

v.

DESTINY ASJEE ROWLAND,

        **Defendant.**
_____ /    **Superseding Case Information:**

**Court Division**: (Select One)           New Defendant(s)
                                           Number of New Defendants _____
_X_  Miami     ___ Key West                Total number of counts _____
___  FTL       ___ WPB        ___ FTP

    I do hereby certify that:

1. I have carefully considered the allegations of the indictment, the number of defendants, the number of probable witnesses and the legal complexities of the Indictment/Information attached hereto.

2. I am aware that the information supplied on this statement will be relied upon by the Judges of this Court in setting their calendars and scheduling criminal trials under the mandate of the Speedy Trial Act, Title 28 U.S.C. Section 3161.

3. Interpreter:  (Yes or No)   No
   List language and/or dialect   _____

4. This case will take   _3-4_   days for the parties to try.

5. Please check appropriate category and type of offense listed below:

   (Check only one)                        (Check only one)

   I    0 to 5 days         _x_            Petty        ___
   II   6 to 10 days        ___            Minor        ___
   III  11 to 20 days       ___            Misdem.      ___
   IV   21 to 60 days       ___            Felony       _x_
   V    61 days and over    ___

6. Has this case been previously filed in this District Court?   (Yes or No)   No
   If yes:
   Judge: _____   Case No. _____
   (Attach copy of dispositive order)
   Has a complaint been filed in this matter?   (Yes or No)   No
   If yes:
   Magistrate Case No. _____
   Related Miscellaneous numbers: _____
   Defendant(s) in federal custody as of _____
   Defendant(s) in state custody as of _____
   Rule 20 from the District of _____
   Is this a potential death penalty case? (Yes or No)   No

7. Does this case originate from a matter pending in the Northern Region of the U.S. Attorney's Office prior to October 14, 2003?   Yes ___   No _x_

                                                   _____
                                                   LISA H. MILLER
                                                   ASSISTANT UNITED STATES ATTORNEY
                                                   FLORIDA SPECIAL BAR NO. A5502054

*Penalty Sheet(s) attached

REV 4/8/08

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

## PENALTY SHEET

**Defendant's Name:** DESTINY ASJEE ROWLAND

**Case No:** _____

Counts #: 1-3

Wire Fraud

Title 18, United States Code, Sections 1343 and 2

**\*Max. Penalty:** Twenty years' imprisonment

Count #: 4

Money Laundering

Title 18, United States Code, Sections 1956(a)(1)(B)(i) and 2

**\*Max. Penalty:** Twenty years' imprisonment

**\*Refers only to possible term of incarceration, does not include possible fines, restitution, special assessments, parole terms, or forfeitures that may be applicable.**